**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3031
_____

BERNARD JERRY,

                                        Appellant

v.

JEFFREY A. BEARD, Sec. of Corrs.; SUPT. KENNETH CAMERON;
MATTHEW KESSLER, Librarian; CAPTAIN PIROZOLLA;
ROBERT REID, Hearing Examiner; MRS. REIFER, Grievance Coordinator;
RICHARD LYNCH, Acting School Principal; CINDY WATSON, Chief Grievance
Officer; THREE (3) UNKNOWN PRC MEMBERS; LT. WILT
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 08-cv-00125)
District Judge:  Honorable Kim R. Gibson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 17, 2011
Before:  BARRY, JORDAN AND GARTH, Circuit Judges

(Opinion filed  March 22, 2011)

_____

OPINION
_____

PER CURIAM

        Bernard Carter Jerry-El ("Jerry"), proceeding *pro se*, appeals the District Court's

order dismissing his civil rights complaint under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, we will affirm in part, vacate in part, and remand for further proceedings.

I

Jerry is a prisoner at SCI-Cresson, in Cresson, Pennsylvania. In 2008, in the prison library, Jerry made photocopies of "Pinky Pigg," a children's book he wrote, with the purpose of submitting the copies to the Library of Congress to obtain copyright privileges. He also had with him a folder and documents from Author House, a company that provides information and services for authors to publish their work. Defendant-Appellee Kessler, the prison librarian, saw Jerry with these materials and confiscated them, apparently because he believed Jerry was attempting to use the copyright process as part of a well-known scheme to harass the courts and prisons. Kessler then issued Jerry a confiscation slip and a misconduct.

About two weeks later, Jerry received a misconduct hearing. The hearing examiner concluded that Jerry's conduct constituted an attempt to engage in business activity in violation of prison regulations, found him guilty of the charges -- at a reduced offense level -- and issued Jerry a warning. Jerry filed an appeal to the Program Review Committee, challenging the misconduct finding and seeking return of his materials, including "Pinky Pigg." That appeal was denied.

In the meantime, Jerry filed an informal grievance seeking return of his

documents, followed by a formal grievance seeking return of the materials and alleging that Kessler was harassing and/or retaliating against him for a previous grievance he had filed. Jerry's grievance was denied, and he unsuccessfully appealed that decision through the Department of Corrections' ("DOC") grievance system. The Secretary's Office ultimately concluded that Kessler properly confiscated the materials because of his concerns about copyright and UCC violations, and held that there was no evidence supporting Jerry's claims of retaliation or harassment. That decision also suggested that "Pinky Pigg" had been returned to Jerry, which Jerry denies.

Jerry then filed in the District Court a complaint under 42 U.S.C. § 1983. He alleged that Kessler violated his First and Fourteenth Amendment rights by confiscating his documents, and that Kessler retaliated against him, in violation of the First Amendment. Jerry also alleged that Kessler and various officials and employees of the DOC committed extortion, harassment, falsification of documents, obstruction of justice, theft by deception, racketeering, and discrimination; that they covered up the truth about the allegedly unlawful confiscation of Jerry's story; and that Secretary Beard was liable for failing to properly train DOC officials and employees. Jerry sought damages and various forms of injunctive relief, including an order directing the DOC to cease interfering with Jerry's (and other inmates') rights in self-authored materials. The Defendants filed a motion to dismiss, which the Magistrate Judge recommended granting. The District Court granted the motion to dismiss over Jerry's objections. Jerry's motion

3

for reconsideration, submitted as a motion for rehearing *en banc*, was denied, and he filed a timely notice of appeal.

## II

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we may affirm on any grounds supported by the record. See Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001). We review *de novo* a district court's decision to dismiss a complaint for failure to state a claim upon which relief may be granted. See Dique v. New Jersey State Police, 603 F.3d 181, 188 (3d Cir. 2010). "In deciding a motion to dismiss, all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009) (internal citation and quotation marks omitted). To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

We first consider Jerry's argument that the DOC violated his constitutional rights by confiscating his story and preventing him from registering that story with the Library of Congress. The District Court reasoned that the sole function of a copyright is to enable an author to commercially exploit his creations. Thus, in the District Court's view, Jerry's attempt to register his story amounted to an attempt to engage in business

4

activities, which a prisoner has no right to do. Cf. French v. Butterworth, 614 F.2d 23, 24 (1st Cir. 1980) (holding that a prisoner has no Fourteenth Amendment right -- nor any other constitutional right -- to engage in business activities). We disagree with the District Court's analysis.

Although a prisoner has no right under the Constitution or federal law to engage in business, and one function of copyright is to allow the creator of a work to do so, we think the District Court's analysis was too narrow. The Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*, affords the author of a literary work limited exclusive control over that work, including the right to prevent others from commercially exploiting the work. See 17 U.S.C. § 106; A.V. ex rel. Vanderhye v. iParadigms, LLC, 562 F.3d 630, 636 (4th Cir. 2009). This right vests the moment the author commits the story to paper. See 17 U.S.C. § 302. Under § 407 of the Act, a copyright holder may register his work with the Library of Congress to obtain additional protections against infringement. It does not appear that exercising this right necessarily constitutes engaging in a business activity. Taking as true Jerry's assertion that his story was never returned -- and perhaps was destroyed -- he may be able to assert a claim under the Copyright Act against the DOC for interfering with his ability to protect his copyright through registration with the Library of Congress. We decline to make that determination in the first instance, and will vacate the District Court's order as to the copyright claim and will remand for further proceedings.[1]

---

[1] The District Court construed Jerry's complaint as also raising a claim against the

Jerry also claimed that Kessler confiscated his materials to harass and/or retaliate against him for a previous grievance.  Section 1983 imposes liability for retaliatory conduct by prison officials if the conduct was motivated "in substantial part by a desire to punish [the] individual for the exercise of a constitutional right," Allah v. Seiverling, 229 F.3d 220, 224 (3d Cir. 2000) (quoting Thaddeus-X v. Blatter, 175 F.3d 378, 386 (6th Cir. 1999) (en banc)), such as filing lawsuits and grievances related to incarceration.  See Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  To prevail on a § 1983 retaliation claim, the prisoner must prove: (1) that the conduct leading to the alleged retaliation was constitutionally protected; (2) that he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) that his protected conduct was a substantial or motivating factor in the decision to discipline him.  See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).  However, "prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons

DOC for upholding in administrative proceedings the confiscation of his materials. To the extent that Jerry intended to include such an argument, it was not cognizable. See Edwards v. Balisok, 520 U.S. 641, 646-48 (1997).  Accordingly, dismissal was appropriate.  In addition, the District Court correctly dismissed Jerry's claim that he was deprived of due process by the confiscation of "Pinky Pigg."  As the Court observed, Jerry complains of a loss of personal property, of which his claimed interest in "Pinky Pigg" is a species, and the post-deprivation remedies available to Jerry under the prison grievance procedure and Pennsylvania law constitute adequate process.  See Monroe v. Beard, 536 F.3d 198, 210 (3d Cir. 2008) ("prisons are constitutionally required to afford inmates only a post-deprivation remedy").

reasonably related to a legitimate penological interest." Id. at 334. The District Court

dismissed Jerry's retaliation claim, reasoning that the multiple grievance decisions in the

record supporting Kessler's confiscation of Jerry's materials constituted sufficient

evidence to demonstrate that Kessler would have taken the same action irrespective of

any desire to harass or retaliate against Jerry. The standard applied by the District Court,

arguably appropriate at the summary judgment stage, was incorrectly applied to the

defendants' motion to dismiss. The question before the District Court was whether Jerry

stated a claim upon which relief could be granted. Based on the pleadings, we conclude

that Jerry made out a prima facie case of retaliation; dismissal was therefore

inappropriate. Accordingly, we will vacate the District Court's order as to the retaliation

claim and will remand for further proceedings.

We turn next to Jerry's claims for relief that were not addressed by the District

Court.[2] The Defendant-Appellees devote seven of the eight pages in the Argument

section of their brief to the contention that, because Jerry failed to administratively

exhaust these claims, they are waived. They are wrong. Although the PLRA requires

prisoners to exhaust available administrative remedies before filing a civil action, see 42

U.S.C. § 1197e(a), exhaustion is an affirmative defense, which may be waived if not

pleaded by the defendant. See Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002). The

---

[2] As explained above, these were: extortion, falsification of documents, obstruction of justice, theft by deception, racketeering, and discrimination; that they covered up the truth about the allegedly unlawful confiscation of Jerry's story; and that Secretary

7

Defendant-Appellees did not raise in the District Court any objection to Jerry's claims as unexhausted. Accordingly, any such objections are considered waived. Nevertheless, dismissal of those claims by the District Court would have been appropriate because Jerry offered nothing more than conclusory allegations concerning the Defendant-Appellees' conduct, which were insufficient to state claims for relief. See Iqbal, 129 S. Ct. at 1949. On remand, the District Court shall consider whether Jerry should be granted leave to amend his complaint as to these claims. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108-09 (3d Cir. 2002).

Finally, having reviewed the due process claim, and recognizing that we are vacating and remanding as to the other claims, and additionally remanding for consideration as to whether Jerry should be granted leave to amend his complaint on at least some claims, we see no reason to address the District Court's denial of Jerry's motion for reconsideration.

Accordingly, we will affirm the judgment of the District Court in part, vacate in part, and remand for further proceedings. Jerry's motion to expedite disposition of his appeal is denied as unnecessary.

---

Beard was liable for failing to properly train DOC officials and employees.