**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1772
_____

WALTER A. TORMASI, in his individual capacity and on behalf
of Adavanced Data Solutions Corporation as its
Representative Ad Prosequendam,

Appellant

v.

GEORGE W. HAYMAN, Department of Corrections (DOC) Commissioner; JAMES
BARBO, DOC Director of Division of Operations; MICHELLE RICCI, New Jersey
State Prison (NJSP) Administrator; JEFFREY BELL, NJSP Associate Administrator;
JAMES DRUMM, NJSP Associate Administrator; DONALD MEE, JR., NJSP Associate
Administrator; CHARLES WARREN, NJSP Associate Administrator; DEREK
BUTLER, Special Investigations Division (SID) Investigator; DOLCE, (First Name
Unknown), SID Investigator; HARRISON, (First Name Unknown), SID Investigator;
MAGINNIS, (First Name Unknown), SID Investigator; VICTOR SIERRA, SID
Investigator; VINCENT WOJCIECHOWICZ, SID Investigator
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 08-cv-05886)
District Judge: Honorable Joel A. Pisano
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 26, 2011
Before: AMBRO, HARDIMAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: September 1, 2011)

_____

OPINION

_____

PER CURIAM

Walter A. Tormasi, a state prisoner proceeding pro se, appeals from the order of the District Court granting the defendants' motions to dismiss. For the following reasons, we will affirm.

In December 2008, Tormasi filed a complaint pursuant to 42 U.S.C. § 1983 on behalf of himself and Advanced Data Solutions Corporation ("ADS"), an "intellectual-property holding company" for which Tormasi is the "sole shareholder" and "authorized agent." Among other allegations, Tormasi asserted that his constitutional rights were violated when prison officials confiscated an unfiled patent application titled "Geometric Optical Apparatus Featuring Antiglare Properties."[1] In the complaint, Tormasi stated that he "desires to file provisional and non-provisional patent applications with [the United States Patent and Trademark Office ("USPTO")] based on the invention disclosed in his . . . confiscated application," "that the confiscated provisional application is [his] only copy," and that he is "unable to file patent applications with [USPTO] and thus unable to initiate patent prosecution proceedings . . . ." Tormasi further alleged that he "intends to assign his confiscated provisional application and any derivate patents to plaintiff ADS . . . ."

_____

[1] According to Tormasi, the defendants also confiscated miscellaneous corporate paperwork, patent prosecution documents, several floppy diskettes, and correspondence between himself and his attorney. On appeal, however, Tormasi challenges only the confiscation of the unfiled patent application.

2

Before serving the defendants with a copy of the complaint, the District Court dismissed without prejudice all claims asserted by Tormasi on behalf of ADS, noting that a corporation may appear in federal court only through licensed counsel. With respect to the allegations concerning the confiscation of Tormasi's patent application, the District Court concluded that Tormasi failed to state a claim, as he lacked a constitutional right to conduct a business while incarcerated. The District Court also rejected Tormasi's claims that he had been denied access to the courts under the First Amendment, that he had been deprived of property in violation of the Fifth Amendment, and that he had been denied due process under the Fourteenth Amendment. With the District Court's permission, Tormasi filed an amended complaint. He reasserted the claims from the initial complaint and, for the first time, characterized the confiscation of the unfiled patent application as a violation of his right to freedom of speech under the First Amendment. The defendants were served with the amended complaint and filed a motion under Federal Rule of Civil Procedure 12(b)(6). The District Court granted the motion, holding that Tormasi failed to correct the deficiencies identified in the prior opinion. With respect to the newly-asserted First Amendment claim, the District Court concluded that a prison regulation prohibiting inmates from operating a business was valid. Tormasi appealed.

We have appellate jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's sua sponte dismissal and its order granting the motion to dismiss for failure to state a claim. Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "In deciding a motion to dismiss, all well-pleaded allegations of the complaint must be taken

3

as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009) (internal citation and quotation marks omitted). To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

In order to establish a § 1983 claim, a plaintiff must demonstrate that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. Galena v. Leone, 638 F.3d 186, 196-97 (3d Cir. 2011). Section 1983 does not create any new substantive rights, but instead provides a remedy for the violation of a federal constitutional or statutory right. Dique v. New Jersey State Police, 603 F.3d 181, 185 (3d Cir. 2010) (citing Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985)). Tormasi states that he is raising only one issue on appeal: whether he "possesses the right of access to the [USPTO], either under the 'laws' of the United States (namely, Title 35, U.S.C.) or the First, Fifth, or Fourteenth Amendments."[2]

---

[2] The defendants argue that the dismissal of the amended complaint should be affirmed because Tormasi is asserting the rights of ADS, which, because it is a corporation, must be represented by licensed counsel in federal court. Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993) (stating that "a corporation may appear in the federal courts only through licensed counsel."). We disagree. Tormasi brings this appeal on his own behalf and challenges the confiscation of his unfiled patent application, which had not been assigned to ADS.

Tormasi claims that the confiscation of his patent application interfered with his statutory right to file to apply for a patent and violated his First Amendment right to free speech.[3] Prisoners have a First Amendment right to communicate with others outside the prison. See Thornburgh v. Abbott, 490 U.S. 401, 407 (1989). It is well-recognized, however, that the rights of prisoners "must be exercised with due regard for the 'inordinately difficult undertaking' that is modern prison administration." Id. (quoting Turner v. Safley, 482 U.S. 78, 85 (1987)). Thus, prison authorities may regulate inmate speech so long as the regulations are reasonably related to legitimate penological interests. See Turner, 482 U.S. at 89. Indeed, the fact of incarceration and the valid penological objectives of deterrence of crime, rehabilitation of prisoners, and institutional security justify limitations on the exercise of constitutional rights by inmates. See DeHart v. Horn, 227 F.3d 47, 50-51 (3d Cir. 2000) (en banc).

Here, the defendants confiscated Tormasi's patent application pursuant to a prison regulation that prohibited "commencing or operating a business or group for profit or commencing or operating a nonprofit enterprise without the approval of the

_____

[3] Tormasi also cited his First Amendment right to petition the government for redress of his grievances, which includes as an aspect a right of access to the courts. Woodford v. Ngo, 548 U.S. 81, 122 (2006) (Stevens, J., dissenting). The right of access to the courts, however, is limited to cases in which inmates "attack their sentences, directly or collaterally, and . . . challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Lewis v. Casey, 518 U.S. 343, 355 (1996). Because Tormasi's complaints about his ability to pursue patent matters do not fall into one of these categories, we agree that he failed to state an access to the courts claims. Cf. Simmons v. Sacramento Cnty. Super. Ct., 318 F.3d 1156, 1159-60 (9th Cir. 2003)

Administrator." N.J.A.C. 10A:4-4.1(.705). Tormasi does not contend that he has a constitutional right to conduct business activities while incarcerated. See French v. Butterworth, 614 F.2d 23, 24 (1st Cir. 1980) (rejecting prisoner's claim that he had a constitutional right to engage in business activities). Nor does Tormasi allege that the prison regulation lacks a reasonable relation to legitimate penological interests. Abu-Jamal v. Price, 154 F.3d 128, 135 (3d Cir. 1998) (stating that "[t]here are no doubt many businesses or professions, which if practiced within the prison, would necessarily burden prison officials or other inmates."). Instead, he suggests that his patent application does not implicate business activities. While we generally agree that the submission of a patent application does not involve a business activity in all circumstances, see Jerry-El v. Beard, No. 10-3031, 2011 WL 989856, at *2 (3d Cir. Mar. 22, 2011) (stating that "it does not appear that exercising [the] right [to register a copyright] necessarily constitutes engaging in a business activity"), the record in this case indicates that Tormasi's conduct falls within the ambit of that prohibited by the regulation.

In his complaint, Tormasi explained that he had previously filed with the USPTO two patent applications bearing the title "striping data simultaneously across multiple platter services." He then assigned to ADS all his interest in the patent applications. In 2008, the USPTO issued a patent, which lists Tormasi as the inventor and ADS as the assignee. Based on the confiscation of paperwork pertaining to the patent and ADS, Tormasi alleged that he was "unable to directly or indirectly benefit from his intellectual-

---

(explaining that "a prisoner has no constitutional right of access to the courts to litigate an unrelated civil [personal injury] claim").

property assets, either by selling all or part of ADS; by exclusively or non-exclusively licensing [the] patent to others; by using ADS or [the] patent as collateral for obtaining personal loans or standby letters of credit; or by engaging in other monetization transactions involving ADS or its intellectual-property assets." Notably, Tormasi stated that he "intends to assign his confiscated provisional application and any derivate patents to plaintiff ADS . . . ." Under these circumstances, we conclude that the District Court did not err in holding that Tormasi's intentions regarding the unfiled patent application qualified under the regulation as "commencing or operating a business or group for profit." Accordingly, we conclude that the confiscation of the unfiled patent application did not violate his statutory or constitutional rights.

Tormasi also alleges that the Fifth and Fourteenth Amendments provide him with "the right of access to [the] USPTO." We disagree, as neither Amendment provides a "right of access" in these circumstances. Those Amendments do, however, protect deprivations of property, although "determining what constitutes the impairment of a protected property interest for purposes of due process . . . is a distinct inquiry from determining what constitutes a taking for purposes of the Takings Clause. Burns v. PA Dep't of Corr., 544 F.3d 279, 285 n.3 (3d Cir. 2008). The Fifth Amendment, made applicable to the states through the Fourteenth Amendment, proscribes the taking of private property for public use without just compensation. U.S. Const. amend. V, XIV; Cowell v. Palmer Twp., 263 F.3d 286, 290 (3d Cir. 2001). Because Tormasi's property was confiscated as contraband pursuant to New Jersey statute and regulation, he is not entitled to compensation pursuant to the Takings Clause of the Fifth Amendment. See

7

Savko v. Rollins, 749 F. Supp. 1403, 1412-14 (D. Md. 1990) (holding that, under prison regulation, "the State may confiscate property not for the beneficial use of the public, but rather as a quintessential police power function: the orderly and secure operation of the State's prisons"). In addition, Tormasi failed to state a claim for a deprivation of property without due process of law under the Fourteenth Amendment because an adequate post-deprivation remedy for the loss exists. Hudson v. Palmer, 468 U.S. 517, 533 (1984); see also Tillman v. Lebanon Cnty. Corr. Facility, 221 F.3d 410, 422 (3d Cir. 2000) (holding that prison's grievance program and internal review provide an adequate post-deprivation remedy to satisfy due process).

    For the reasons given, we will affirm the judgment of the District Court.