**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1024-20

WALTER TORMASI,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted December 8, 2021 – Decided January 26, 2022

Before Judges Hoffman, Whipple and Susswein.

On appeal from the New Jersey Department of Corrections.

Walter Tormasi, appellant pro se.

Andrew J. Bruck, Acting Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Christopher C. Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Plaintiff, Walter Tormasi, a State Prison inmate, appeals from an agency decision by the New Jersey Department of Corrections (DOC) that purports to deny his request to file a patent infringement lawsuit against a computer company that he alleges has infringed upon his patent. Pursuant to N.J.A.C. 10A:4-4.1(a)(3)(xviii)—referred to as the "no business rule"—State Prison inmates must receive permission from the prison administrator to file a lawsuit for damages. After carefully reviewing the record in light of the governing legal principles, we are constrained to remand for the DOC to clarify whether it approved or denied Tormasi's request, and if denied, to provide a statement of reasons to permit meaningful appellate review.

We briefly recount the facts and procedural history pertinent to the issues raised on appeal. Tormasi has been confined in State Prison since 1996, when he was sixteen years old. While in prison, he completed numerous paralegal courses and read over 1000 books on technology, mathematics, and other subjects. He also invented an improvement "to the actuator mechanism upon which hard disk drives depend." In January 2008, he was issued a patent by the United States Patent and Trademark Office. During that time period, he persistently violated the "no business" rule by engaging in corporate and business activities without permission.

A-1024-20

In February 2019, plaintiff sued Western Digital Corp. (WDC) for patent infringement.  In April 2019, WDC filed a motion to dismiss plaintiff's suit for lack of standing and capacity to sue.  On November 21, 2019, the United States District Court for the Northern District of California granted WDC's motion to dismiss.  Tormasi v. W. Digit. Corp., No. 19-cv-00772-HSG, 2019 U.S. Dist. LEXIS 202536 (N.D. Cal. Nov. 21, 2019).  The District Court found that plaintiff lacked capacity to sue but did not reach the issue of standing.  Id. at *5–8.  The District Court reasoned that "because New Jersey law prevents inmates from 'commencing or operating a business or group for profit or commencing or operating a nonprofit enterprise without the approval of the Administrator,' [p]laintiff lacks capacity to bring this patent infringement suit." Id. at *5.

On August 20, 2020, the United States Court of Appeals for the Federal Circuit affirmed the District Court order dismissing Tormasi's complaint. Tormasi v. W. Digit. Corp., 825 F. App'x 783, 785 (Fed. Cir. 2020).  The Court of Appeals reasoned that "Tormasi's attempt to file this lawsuit as a personal action merely repackages his previous business objectives as personal activities so he may sidestep the 'no business' regulation.  Because these actions are a mere continuation of his prior business activities, we find that here, as in . . . Tormasi's

A-1024-20

previous lawsuit, [his] characterization of his suit as personal, as opposed to related to business, to be without merit." Id. at 787.

On September 30, 2020, Tormasi submitted a request to the New Jersey State Prison Administrator seeking approval to sue for patent infringement. On October 9, 2020, the Administrator responded with the following decision:

> This office is in receipt of your correspondence requesting Administrative approval to file and litigate your lawsuits regarding your alleged patent-infringement.
>
> To the extent that your activity does not run afoul of [N.J.A.C.] 10A:4-4.1 (.705) and the decisions in Tormasi v. Hayman, 443 Fed. Appx. 742, as well as other applicable laws and authorities in this area, you have all applicable legal access rights afforded New Jersey State Inmates.
>
> You are encouraged to make use [] of the Law Library and/ or the ILA for any legal issues or questions.

Tormasi interpreted the decision as a denial of his request. On October 14, 2020, he appealed the Administrator's decision via the electronic grievance system. The administration responded: "Your concerns are noted, but the department disagrees with your characterization." On October 21, 2020, Tormasi again challenged the decision via the electronic grievance system. The administration responded: "The response is appropriate. This is the final determination of the Administration."

4

Tormasi raises the following issues for our consideration:

POINT I

THE DEPARTMENT OVERSTEPPED ITS BOUNDS IN REFUSING TO APPROVE TORMASI'S LAWSUITS FOR FILING/LITIGATION.

A. LEGAL STANDARDS GOVERNING DOC RULING

B. ALLOWANCE OF INTELLECTUAL-PROPERTY THEFT

C. INJURY TO U.S. PATENT SYSTEM AND ITS BENEFICIARIES

D. INCONSISTENCY WITH PRIOR DOC RULING

E. VIOLATION OF ADMINISTRATIVE RULES AND REGULATIONS

We begin our analysis by acknowledging certain basic principles governing this appeal. Although final agency actions are subject to appellate review, R. 2:2-3(a)(2), the scope of that review is limited. A final agency action will be reversed only if it is "arbitrary, capricious or unreasonable or it is not supported by substantial credible evidence in the record as a whole." Henry v. Rahway State Prison, 81 N.J. 571, 580 (1980) (citing Campbell v. Dep't of Civil Serv., 39 N.J. 556, 562 (1963)). In applying this highly deferential standard, courts inquire into "whether the decision conforms with relevant law, whether

5

there is substantial credible evidence in the record as a whole to support the agency's decision, and whether in applying the relevant law to the facts, the agency clearly erred in reaching its conclusion." In re State & Sch. Emps.' Health Benefits Comm'ns' Implementation of Yucht, 233 N.J. 267, 280 (2018).

In order to give the challenged final agency action this deference, however, the record must be sufficiently developed to permit meaningful review. Ibid. If the record is not sufficiently developed to permit meaningful review, the court may remand for supplementation of the record. R. 2:5-5(b).

Importantly, the agency is required to make findings of fact and give a statement of reasons.

> [D]eference does not require that we forego a careful review of administrative decisions simply because an agency has exercised its expertise. We cannot accept without question an agency's conclusory statements, even when they represent an exercise in agency expertise. The agency is "obliged . . . 'to tell us why.'"'
>
> [Balagun v. N.J. Dep't of Corr., 361 N.J. Super. 199, 202–03 (App. Div. 2003) (quoting In re Valley Hosp., 240 N.J. Super. 301, 306 (App. Div. 1990))].

In this instance, the Administrator's initial response was so cryptic that we cannot even be sure whether it constitutes an acceptance or denial of Tormasi's request. The replies to Tormasi's two administrative appeals via the electronic

6

grievance system shed no light on the situation and reveal little more than the administration's irritation with Tormasi's persistence.

If the agency decision was to deny Tormasi's request, that conclusion is not supported by any findings of fact. Indeed, no reasons are given either with respect to the initial response or the two electronic replies to Tormasi's grievance system appeals. In short, if the agency decision is meant to be a denial, the agency did not "tell us why." Balagun, 361 N.J. Super. at 202–03 (quoting In re Valley Hosp., 240 N.J. Super. at 306). Accordingly, we remand the matter to DOC for a clearer decision and statement of reasons. See In re Vey, 124 N.J. 534, 544 (1991) ("When the absence of particular findings hinders or detracts from effective appellate review, the court may remand the matter to the agency for a clearer statement of findings and later reconsideration."); see also Mainland Manor Nursing & Rehab. Center v. N.J. Dep't of Health & Sr. Servs., 403 N.J. Super. 562, 571 (App. Div. 2008) ("[A]n administrative agency must conduct an independent evaluation of all relevant evidence and legal arguments presented in support of and in opposition to proposed administrative agency action . . . . [F]ailure to do so may make the agency's decision arbitrary and capricious and require a remand for reconsideration.") (citation omitted).

A-1024-20

We direct DOC to issue a clarified final decision within forty-five days of this decision. We offer no opinion on whether permission to file a patent infringement action in federal court should be granted. If the final agency decision is to deny Tormasi's request for permission to file a patent infringement suit, that decision shall include a statement of findings of fact and law that are sufficiently detailed to permit meaningful appellate review. We therefore remand for proceedings consistent with this opinion.

Remanded. We retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1024-20