**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1024-20

WALTER TORMASI,

    Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____

Submitted December 8, 2021 – Remanded January 26, 2022

Resubmitted February 15, 2022 – Decided August 18, 2022

Before Judges Hoffman, Whipple and Susswein.

On appeal from the New Jersey Department of Corrections.

Walter Tormasi, appellant pro se.

Matthew J. Platkin, Acting Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Christopher C. Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Walter Tormasi, a State Prison inmate, appeals from a final agency decision by the New Jersey Department of Corrections (DOC), denying his request to file a patent infringement lawsuit against a computer company that he alleges has infringed upon his patent. We were previously "constrained to remand for DOC to clarify whether it approved or denied Tormasi's request [to file a patent infringement lawsuit], and if denied, to provide a statement of reasons to permit meaningful appellate review." Tormasi v. N.J. Dep't of Corr., A-1024-20 (Jan. 26, 2022) (slip op. at 2). We retained jurisdiction. Id. at 8.

On February 2, 2022, DOC issued a revised decision and denied Tormasi's request. After carefully reviewing the record in light of the governing legal principles, we affirm.

We presume the parties are familiar with the facts underlying this case. We add that on January 26, 2022, we remanded to DOC for clarification on whether the agency denied Tormasi's request to file a patent infringement lawsuit. Id. at 2, 8. We determined that,

> [i]n this instance, the Administrator's initial response was so cryptic that we cannot even be sure whether it constitutes an acceptance or denial of Tormasi's request [to file a patent infringement lawsuit]. The replies to Tormasi's two administrative appeals via the electronic grievance system shed no light on the situation and reveal little more than the administration's irritation with Tormasi's persistence.

2

[Id. at 6–7.]

We further directed

> DOC to issue a clarified final decision within forty-five days of [our] decision.  We offer[ed] no opinion on whether permission to file a patent infringement action in federal court should be granted.  If the final agency decision is to deny Tormasi's request for permission to file a patent infringement suit, that decision shall include a statement of findings of fact and law that are sufficiently detailed to permit meaningful appellate review.

> [Id. at 8.]

On February 2, 2022, in response to our remand, DOC issued a final decision, denying Tormasi's request because he was in violation of the "no-business" rule.  In rendering its decision, DOC noted that pursuant to N.J.A.C. 10A:4-4.1(a)(3)(xviii) (.705),[1] "[t]he [d]epartment's 'no business' rule prohibits inmates from commencing or operating a business without prior approval from the Administrator."  DOC noted that Tormasi had been violating the no-business rule since 2005, which is when he formed a company called Advanced Data Solutions Corp. (ADS); he never sought prior approval from the Administrator

---

[1] We note that DOC's final agency decision indicates that the "no-business" rule is codified at N.J.A.C. 10A:4-4.1(a)(3)(xix) (.705).  Our research shows the "no-business" rule is found in N.J.A.C. 10A:4-4.1(a)(3)(xviii) (.705).

to form ADS. DOC also recognized that multiple federal courts have determined that he was violating the no-business rule. See, e.g., <u>Tormasi v. Hayman</u>, 443 F. App'x 742 (3d Cir. 2011). In particular, DOC was persuaded by the Federal Circuit's 2020 decision that concluded:

> Mr. Tormasi's lawsuit is in furtherance of his intellectual property business by taking certain business actions purely to preserve the commercial value of his intellectual property . . . . For instance, Mr. Tormasi asserts that he took "precautionary measures to ensure that [his] intellectual property remained enforceable, licensable, and sellable to the fullest extent possible . . . ." Mr. Tormasi further asserts that "[t]he purpose of [one of his] transfer[s] in ownership was to permit [himself] to . . . personally benefit from, an infringement action against WDC and other entities . . . ." Mr. Tormasi then sued WDC for infringing the '301 patent and sought damages of at least $5 billion . . . . Accordingly, Mr. Tormasi's patent infringement suit is in furtherance of operating an intellectual property business for profit, and, therefore, prohibited under the "no business" rule.
>
> [<u>Tormasi v. W. Digit. Corp.</u>, 825 F. App'x 783, 788 (Fed. Cir. 2020).]

On February 15, 2022, we received a letter from Tormasi that contained DOC's final decision. Tormasi's letter also requested that his appeal be re-submitted. In his original appeal, Tormasi raised the following contention:

A-1024-20

POINT I

THE DEPARTMENT OVERSTEPPED ITS BOUNDS IN REFUSING TO APPROVE TORMASI'S LAWSUITS FOR FILING/LITIGATION.

A. LEGAL STANDARDS GOVERNING DOC RULING

B. ALLOWANCE OF INTELLECTUAL-PROPERTY THEFT

C. INJURY TO U.S. PATENT SYSTEM AND ITS BENEFICIARIES

D. INCONSISTENCY WITH PRIOR DOC RULING

E. VIOLATION OF ADMINISTRATIVE RULES AND REGULATIONS

[Tormasi, A-1024-20 (slip op. at 5).]

We begin our analysis by acknowledging certain basic principles governing this appeal. The scope of our review of a final agency action is limited. See R. 2:2-3(a)(2). A final agency action will be reversed only if it is "arbitrary, capricious or unreasonable or it is not supported by substantial credible evidence in the record as a whole." Henry v. Rahway State Prison, 81 N.J. 571, 580 (1980) (citing Campbell v. Dep't of Civ. Serv., 39 N.J. 556, 562 (1963)). In applying this highly deferential standard, courts inquire into "whether the decision conforms with relevant law, whether there is substantial

credible evidence in the record as a whole to support the agency's decision, and whether in applying the relevant law to the facts, the agency clearly erred in reaching its conclusion." In re State & Sch. Emps.' Health Benefits Comm'ns' Implementation of Yucht, 233 N.J. 267, 280 (2018).

Importantly, the agency is required to make findings of fact and give a statement of reasons.

> [D]eference does not require that we forego a careful review of administrative decisions simply because an agency has exercised its expertise. We cannot accept without question an agency's conclusory statements, even when they represent an exercise in agency expertise. The agency is "obliged . . . 'to tell us why.'"'
>
> [Balagun v. N.J. Dep't of Corr., 361 N.J. Super. 199, 202–03 (App. Div. 2003) (quoting In re Valley Hosp., 240 N.J. Super. 301, 306 (App. Div. 1990))].

Pursuant to N.J.A.C. 10A:4-4.1(a)(3)(xviii) (.705) (the "no-business" rule) an inmate "commencing or operating a business or group for profit or commencing or operating a nonprofit enterprise without the approval of the Administrator" is subject to disciplinary actions or sanctions. Here, DOC denied Tormasi's request because he has been violating the no-business rule since 2005, the year in which he formed ADS without prior approval from the Administrator. Additionally, DOC concluded, in reliance on the Federal Circuit's decision, that filing a patent-infringement lawsuit on behalf of ADS would be in furtherance

6

of his intellectual property business, and therefore would be a violation of the no-business rule.

The record before us supports DOC's determination that Tormasi never sought approval from the Administrator to operate ADS. Further, filing a patent-infringement lawsuit would be an attempt to preserve the commercial value of his intellectual property, which is clear evidence of operating a business for profit. See Tormasi, 825 F. App'x at 788. Accordingly, Tormasi has failed to show that DOC has acted arbitrarily, capriciously, or unreasonably in denying his request. We are satisfied, moreover, that the agency's final decision is supported by substantial credible evidence in the record as a whole. R. 2:11-3(e)(1)(D). To the extent we have not addressed them, any remaining arguments raised by Tormasi lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1024-20